I'm here today to address the issues present before the court, those issues being the denial of plaintiffs' and appellants' motion to remand, the discovery sanctions issued by the district court dismissing appellants' case, and the abuse of discretion exercised by the district court in denying reconsideration. I have to ask, this is a strange procedural case. No argument there, Your Honor. And I'm just thinking in terms of that discovery document the judge ordered you to provide, and you didn't do it because you said, well, I got this whole motion to remand, and I don't want it to look like we waived and, you know, all right, all well and good. Well, then he rules on a remand, and you still don't file it. I don't get it. And then ultimately you get a dismissal without prejudice, which I assume without prejudice to refile, including the document, I don't know if that's what it is, I hadn't thought about the statute of limitations on it, but it's without prejudice, and you still don't do that. What you do is you do a document that's more inclusive, include all that information, and then you bring in a motion to reconsider based on newly discovered evidence. There's nothing newly discovered at all there. It was already there. So I can't understand the procedural posture of it. Why didn't you move to amend and refile? It seems like that would have cured it, or would it? There was an additional question presented to the court as to mootness, and that was addressed by supplemental briefing. Don't lose me, because sometimes I'm kind of thinking procedure in terms of court tells you you can, you're dismissing with those wonderful magic words, without prejudice. And all you have that you have to do is do that document, and you still didn't do it. I mean, you come back and you say motion for reconsideration, and it's dismissed. And so I guess you're trying to get them to bring it back on instead of filing again. We did file again. In California? Correct. Yes. Is that . . . That's where it all started. Well, if you filed again, then what is here? What is here, Your Honor, is the original case, not the subsequently filed case, should have been . . . You filed to comply when the judge says dismiss without prejudice. You then complied by refiling. Is that what you're saying? It was without prejudice, and we refiled. So what is here? In California? In California. In California, but it's refiled. You said you're complying with it, and that can be removed to the federal court too, possibly. So I don't get it, whether or not you filed . . . your condition is you refiled in compliance with the order that says your case is dismissed without prejudice. So you then refiled. Is that your condition? No. I didn't understand that. Well, let me make sure I understand this, because this is central to my understanding, because procedurally this . . . I did a little litigating, and I don't quite understand this one. It is intriguing. So you refiled the California action that had been removed to federal court. I refiled a new action. Totally new action. Has nothing to do with this one. New case number. I'm not going to say that the facts are not the same, but the facts and the allegations are the same. So I will turn this loose on this, because I just want to make sure I understand. Yeah. I want to answer your question. But let me make sure I understand this question. Sure. When you refiled in California, you were not doing so in compliance with or as a response to the district court's order that it is dismissed without prejudice to refile. That's not what you were doing in California. There was no order to refile, Your Honor. Without prejudice. Right. Because it was without prejudice, we . . . I . . . refiled in California, in the California State Court. Well, that answers my question differently. Now you're saying you did it because you could . . . he gave you without prejudice, so you refiled. Yes. So what's here? What's here? If you've refiled it there in compliance with . . . what are you doing now? Okay. Can I answer your question, Your Honor? Yes. Okay. So what's going to happen here, Your Honor, on the new case that's been refiled in California? And as Your Honor just pointed out, more likely than not, it's going to get removed. It's going to get removed to the United States District Court for the Central District of California. Ethicon is then going to file the MDL transfer order, and it's going to be transferred back to the Southern District of West Virginia. What have we granted you the relief today that you asked for? That is, reconsider and bring the one that you already got in federal court over. Do you then have two lawsuits? No, I dismissed the . . . Oh, you're going to get rid of the California one now? It has not been served. Then you're going to dismiss the one you just refiled and then keep the one you got if we do that? Exactly. Yes. It hasn't been served. Now, Ethicon has brought it up here, but it's not part of the record before this court. They've brought it up because they're aware of it. And I'll leave it at this. The problem, it seems to me, when your case was dismissed, you had only one problem with it. It wasn't that your pleadings weren't good. It wasn't anything else. Your problem was you hadn't filed that discovery device, and this is a federal case, and he's already told you, you lost the one for remanding, so you can't . . . nothing to be remanded. You've lost that. Unless you appeal it, you just can't remand that case, and it is the strangest thing in the world to think you can go back to California and file the same action that he told you you can't remand, so you go back and just refile it, and you're saying you're not filing it based upon the dismissal without prejudice. You seek a motion to reconsider on newly discovered evidence when there's nothing newly discovered about that document that you could have filed before. In fact, you could have filed it after the judge ruled that you can't remand it. But you didn't. You waited until it was dismissed. Then you filed something that was more expansive, and it is the strangest procedural thing I have seen. But . . . You're just seeking statute of limitations insurance, aren't you? Isn't that what it comes down to? The prejudice? Yeah, that will resolve . . . That's what this is all about. Right. Exactly. I mean, if this court does not grant the relief . . . Right. I understand full of the statute of limitations implications of this, the without prejudice aspect of it, that it's something that I'm just thinking, why didn't you keep this thing by simply filing that document, moving to amend, and ask the court to just treat this as an amendment and allow your action to go forward because you've now complied with the only thing that resulted in the dismissal. Wasn't a sufficiency of the pleading, wasn't anything else. It wasn't dismissed on a substantive ground. Was that one little thing, and you just did it. He's got thousands of these cases, so he's not . . . I can't imagine he's all carrying whether one stays or not. Well, there's multiple questions there and issues that the court . . . Judge Wynne, you've brought up. But you had forty days, if you could add that into the question pot. Why in the world did you sit around for forty days after you had your ruling from Judge Goodwin and not file the form, not seek to amend your complaint? Judge Goodwin had identified the problem. If you could add that to Judge Wynne's question. Pre-trial conference, pre-trial order 17 basically gives sixty days from the date that the short form complaint, not to confuse the things, but sixty days from the filing of a short During the forty-day period between the court's order on remand and the court's dismissal order, again, keeping in mind the dismissal motion was filed in December of 2012. The motion for remand was filed in May of 2012. The remand was denied on April 10, 2013. Dismissal was granted on May 20, 2013. Reconsideration was denied on June 18, 2013. So to answer Judge Keenan's question, there was sixty days that, I believe, from the point in time that the court more or less acquired jurisdiction, because plaintiffs had waited almost a year to get a ruling on their motion to remand. The motion to remand was incorrectly ruled upon by Why is that? Thank you for the question, Judge Duncan. The court principally relied upon a case, which is not published, but is found on West Law of Justice v. Branch Banking and Trust Company. That case, they cite in dicta only, a case of Jernigan, which stands for the proposition that fraudulent joinder cases do not have I am loathe to interrupt you, given that you've had very little time for your argument, but it's precisely because I'd like to get to a direct answer that I'm doing, so please excuse me. Why wasn't the district court correct in holding that the California defendants were fraudulently joined, because as I understand it, California is a fact-pleading state, and the complaint doesn't allege that the health care providers had knowledge that the device was unreasonably dangerous. In fact, the brief is replete with references to the fact that the plaintiff doesn't know what, if anything, the California defendants knew about the risks of the device. So why wasn't, without challenging its reliance on unpublished precedent, why wasn't the district court independently correct in holding that the complaint doesn't state a cause of act, a claim, a cognizable claim against them? Because . . . What relief could you obtain? Failure to warn, and California does recognize a failure to warn. They do recognize a failure to warn, but your complaint doesn't allege that they had knowledge, which would be the basis of a failure to warn. You don't allege that they were aware that the device was unreasonably dangerous, that they knew about the risks of the device. Or that they should have known. Or that they should have known. And Judge Goodwin identified this defect for you, and yet you still didn't try to amend. Well, in response to Judge Duncan's question, Tresemer, the case cited in our brief, not only requires health care providers to provide notice and warning before service is provided, but also after service is provided. So the failure to warn cause of action would be applicable and should have been allowed to have been amended. Now, you're saying I should have moved to amend the complaint, and that would have . . . I'm a little bit concerned about Judge Wendt's question. That would have alleviated the problem of remand. I don't think that at that point, Your Honor, after remand was denied, that we could at that point seek to amend or appeal the remand order. What we could do is comply with pretrial conference order, getting back to Judge Keenan's question, of providing the documents requested. And during that 40-day period, and I hope I'm answering Judge Duncan's question, too. During that 40-day period, we compiled and marshaled together as much information as we could. There was multiple treating doctors involved and records that had to be acquired to provide the information requested. Well, you know, it's funny, though. You filed the really long form, but you didn't file the short one. We didn't because . . . This profile form is really . . . I mean, it's almost something I could fill out for you based on my knowledge of the record, and yet you filed the much more detailed one. Because Your Honor, we wanted basically . . . we did not want any of the defendants in this action to be prejudiced. This would have been and could have been, and I believe that's one of the prejudices that's being argued by Ethicon, is that they were deprived of the opportunity to have this be included in a Bellwether . . . one of the Bellwether cases. So, if they wanted this as one of the Bellwether cases, there's certainly no objection on an appellant's part to have it included. So, I wanted them to have as much information as they possibly could. We had 60 days from the point in time that the court exercised jurisdiction. We'd waited almost a year for the ruling. The ruling came down. The ruling was incorrect in getting back to Judge Duncan's question, and I'm sort of going beyond my time here, but I do want that answered. Excuse me. You do have some time for rebuttal, so if you want to briefly conclude, you can follow up on rebuttal. Sure. Let me ask you on that failure to warn. Is it the position that you would have to establish that the failure to warn was known in 2003 at the time of the surgery, or is there some continuing duty to warn that you are asserting? In California? Yeah. In California, under TRESMR, which is still good law, there is a continuing duty on the part of the healthcare providers to warn and to continue to warn post-service. So, five years after having put this in, they get information that there's a real problem here. There's a duty in California to warn a patient that you've installed one of these measures in? That gets into the learned intermediary theory. What that means is, basically, Ethicon sends a letter to the healthcare providers, and again, keep in mind, the healthcare providers are not here, did not join in the motion, filed an answer, and anyway, getting back to Judge Winn's question, yes, they do have an obligation to continue. They get a letter. But the problem with that is, in your brief, you did indicate that you have no reason to know whether they knew of the risks after the fact, either. You didn't, you've, it seems to me, you've pretty much acknowledged that claim out of existence by saying, you have no basis to suggest that they knew of the risk either before or after the fact. Certainly, they knew after, they had to know after, at some point. Your brief indicates a lack of knowledge on your part of that. On the part of the appellant. Whether the healthcare providers, defendant and healthcare providers knew of the risk after the fact, after the fact of the operations. We allege that, that they gave, failed to give notice. Now whether or not we would have, it would have been more appropriate to say there was a lack of warning, or a failure to warn, or a failure to notice. That does not give rise to sufficient support to dismiss plaintiff's claim without an opportunity to address the merits of her case. The procedural aspects of this case are just a total violation of due process here. Did you have a question, or did you want me to wrap up? No, thank you. I think I would appreciate it if you would follow up on rebuttal. Okay, will do. Thank you. It would be good when you come back, if you point to that specific language in the complaint that you say established that allegation to Judge Duncan. Will do, Your Honor, will do. Mr. Combs? Yes, ma'am. May it please the Court, I'm Phil Combs, I'm here on behalf of Ethicon and Johnson & Johnson. I want to start by addressing the fraudulent jointer analysis, because obviously if the Your Honors, I just don't know what more Judge Goodwin could have done in this case. I mean, this claim that we're now talking about, about a negligent post-implantation duty to warn, is something that's not even in the complaint, and there's no mention of it at all. Well, when you think about complaints in a liberal way, when you're making allegations, those are the kinds of things you can develop on summary judgment, and some things you, maybe sometimes you do it on information and belief, but to state a failure to warn, you do look at the state law, and if the state law encompasses a broader concept of failure to warn, as seemed to be alleged here, it said here that California has a broader concept of a failure to warn, it encompasses it, it seems to make sense. I mean, you put a mesh in someone, and you find out three or four years later that that thing is really, really bad. Do you have a duty then to call up the patient and say, you've got something in there that's going to explode on you, or cause a problem, you need to come back in, or do you just say, well, we did that, we didn't know that back in 2003, and that's all well and good? Well, let me address this. So it's a liberal pleading aspect of it, if there's language that will support that, that seems there might be a way to give some pause on that. Well, I have several responses to that. First, California is, in fact, a fact pleading state. That's set forth in California Procedural Code 425.10A1, and it's mandatory. It says the complaint shall contain a concise statement of the facts that support the cause of action. The second thing is, there is no allegation at all made in this complaint regarding a failure to warn claim. I mean, there's nothing said that risks were known. That's the key. That's why I asked the opponent to come back and show it to us, and he can answer Judge Duncan's question. If it's not in there, then no need for us to talk about it. It's just absolutely not in there, and the additional point I want to make is, never was Judge Goodwin asked to consider an amendment to the complaint. I mean, Judge Goodwin did everything he could do to give Mrs. Flores a fair day in court, and what he did is, under this court's rulings in Mays v. Rappaport and AIDS clinic and testing centers, is he said, I'm not just going to look at the complaint. I'm not just going to look at those allegations. I'm going to look at the entire record, and on April 10, 2013, when he decided this remand motion, there was nothing in the record that would support that the doctor knew of this, should have known of this, and under the Tressmer case . . . So again, I just want to reinforce, we're talking about Judge Goodwin considering something that the plaintiffs had never even raised in an effort to be as fair as he could to this plaintiff, but if we're now talking about the Tressmer case, which is the only issue that they're arguing on appeal, they're saying Judge Goodwin got this wrong, this issue we didn't raise, but he got it wrong. But if we go to the Tressmer case, it requires actual knowledge. There is a case in California, it's Tressmer, and Tressmer says that under certain circumstances, you may have a post-implantation duty to warrant. It's not an absolute duty, but I do agree that there is that potential cause of action, but what Tressmer says is, is that you would have to have actual knowledge of the risk, and there's not a single fact alleged in this record anywhere that the doctor had actual knowledge, or should have, it should have had. I mean, under a Tressmer, he's got to have actual knowledge, it's just flat out not there. And the appellant will not be able to point that it is there, because it wasn't. Nothing was ever given to Judge Goodwin that would say, you know, this doctor had actual knowledge of this post-implantation risk. So we have the motion to remand, we'll discuss in that, and that's from a perspective to determine whether we even get to the motion to dismiss. But the motion to dismiss is without prejudice, and typically, we consider that to be interlocutory. So why is there no discussion of that, I mean? Or even more puzzling, why didn't you, when we asked for supplemental response on that, you seemed to concede on it. Well, it's possible that I'm wrong on it, or it's possible that I don't understand the court's question. I assess the court's inquiry on that as a question regarding mootness. Did this additional follow-on action that they filed in California moot this appeal? And that was how I assessed it. Okay, well, put the way— That's a different question. Yeah, put the way— I see it as a question of appealability. As Judge Wynn said, dismissals without prejudice are generally not appealable. They're not final orders. My understanding was that that is correct as to the dismissal of complaint without prejudice, but the difference that I saw here was that the entire action was dismissed without prejudice. That was the distinction that, to me, made me think that they had a cognizable interest in front of this court, and that is why I responded. But even that gives you . . . it means it's not over. Without prejudice means you can bring it back. So the reason it becomes interlocutory, we take an interlocutory appeal, and then you go and file something, you've got two actions going on here. Judge, I'm in complete agreement that Mr. Graham now has two actions. But you didn't address it. The question is, Judge Duncan, it seems like you conceded it. We couldn't understand. I don't know what to do about it, because he hasn't served the second action. I mean, he's just gone to California, and he's filed a sheet of paper, and he hasn't served one of them. He would say, dismiss this action, court, because this is interlocutory. Judge Wynn . . . Because there's case law in the Fourth Circuit, it squarely says it. I asked this court to dismiss this action because it's interlocutory. I apologize. I did not understand the court's inquiry. I understood it as a mootness, and that's why we responded as we did. Before we get too happy about dismissing, the dismissal was without prejudice for failure to timely file this very simple plaintiff profile form. Does it matter, for purposes of our inquiry, that it can no longer . . . Does it become appealable by virtue of the fact that the plaintiff profile form can no longer be timely filed? I just don't know how to answer that, because no effort was ever made to file a plaintiff profile form. It just never occurred under the pretrial order. Before then. Afterwards, he's filed this long thing. I think that's a fair statement, and my question flowing from that is, has that failure to timely file converted, for appealability purposes,  because the condition of the dismissal has not and now cannot be met? Judge? Obviously, it would be advantageous to us in the litigation if we could convert that to a dismissal with prejudice. Unfortunately, I just don't think that we have any guidance from the district court that the district court would consider it that way. I would like to say yes, but I can't say that. What does without prejudice mean? To me, it means you have the ability to refile the action. How is it different from a voluntary dismissal? If you take a voluntary dismissal before a judgment, you typically have a year in which you can come back. Statute of limitations doesn't run, I mean, you've got a year. Basically, you can be outside the statute, but you've got a year to come  How is that different? Judge, I can't answer that. Otherwise, it's superfluous. If you tell him without prejudice and then you come back and refile and dismiss the statute of limitations, it's with prejudice. I mean, it's got to be meaningless. I don't know what that means. I sort of looked at it as though he could come back and bring this action in a period of time, just comply with it. Judge, I think that Judge Goodwin would have . . . no question, Judge Goodwin would have permitted him to refile this action in federal court. There's no question he would have. He has permitted other people in similar situations to refile. But the terms of the dismissal seem to contemplate a time limit because the dismissal was without prejudice for failure to timely . . . but it doesn't seem that the dismissal . . . I suppose they could come back in a . . . I mean, there's no question that they're out of time to file the PPF. There's no question. Under pretrial order 17, it was due December 3rd. It was never filed. They never asked for it. Except for the dismissal being without prejudice, meaning without prejudice to timely file it. In other words, to file it within whatever . . . I don't know what the timely file means. I mean, that's got to . . . you know, bottom line is, you've got a horrific case here and the question is, do you throw it out because you've got this really, really small document, as Judge Keenan points out, you probably could fill it out here, and they fill out a long thing and subsequently puts it in. What's . . . from a prejudice perspective, really, why not just go ahead and try the case? Why not treat it as a motion to . . . as a refile action with a motion to amend that cures that little minor defect because it's not a dismissal on the merits. It's a dismissal for a small procedural violation of a discovery. It's a sanction of sort, is really what it is. Yeah, and I'd like to address that at length because it sounds like a question the court's interested in on that point. I would disagree that it's a trivial document at all. I mean, these plaintiff profile . . . I mean, let's talk for just a second about what we have here. I mean, we've got an MDL. We have almost 13,000 cases just in our MDL, and we're one of six MDLs. We have ten products in our MDL. That's just us. There are ten products at issue. Now, what the plaintiffs in this case, the Plaintiff Steering Committee, the court, the defendants, we all use these plaintiff profile forms for very important considerations. It's not trivial at all. That defines the universe of the cases. That tells us what is . . . for example, what is typical? What is representative of the cases in the MDL? That's how we make decisions in terms of what will be tried in the MDL, what will be the bellwether cases tried in the MDL. I'm not just talking about the specific case. I'm not talking . . . It doesn't matter to this plaintiff if she's the bellwether case, does it? Yes. Why? Why does it matter to Mrs. Flores? Well, what I'm talking about right now is the greater interest amongst the MDL plaintiffs. All of the plaintiffs have an interest in having cases that are representative of the claims in the MDL being tried. I mean, there are ten different products. There are 11,000 of these, right? That is correct. For example, there is a product in our MDL called Abrevo. Abrevo has a very small number of cases. I mean, like a hundred out of 13,000. TBT has a much larger group of cases because it's been on the market much longer. Everyone uses that. You're saying it's possible that her circumstances are not represented? You don't know. You have to use the PPFs to determine what is representative. Second, this is a discovery document. What Judge Goodwin has done is he has said, we don't want to have 13,000 sets of basic discovery going back and forth. What he's done is he said, this is going to be the initial set of interrogatories. What the plaintiffs have done in this case is they have said, we're not going to answer the initial set of interrogatories. I don't understand why they would make that strategic decision not to do it, but they did it. Then they told Judge Goodwin, we're not going to do it unless you issue an order that says for us to do it, that we would have special consideration that it wouldn't be a consent to jurisdiction. That's not even the law. We pointed out to them on January 15, 2013 that that wouldn't be a consent to jurisdiction and they still don't file it. Judge Goodwin's got a situation here where he has to erect some type of procedure that will permit 13,000 cases just in our MDL to go from filing to management to discovery to resolution, either resolution in the MDL or when they're sent back to the transfer courts. Judge Goodwin, it's very clear, if you look at the pretrial order 17, he sets forth in it what will be the sanctions and the procedures for compliance. What he says is, he says, look, if you just didn't do a line in it, there's certain procedures to cure. The defendants will contact you. They'll ask you to make this correction. You get back to them, et cetera, et cetera. He said, if you just don't file it, then the sanction for that would be dismissal of the case. Judge Goodwin, I just want to make sure the court understands, it was not in any way an arbitrary distinction. He very carefully considered . . . He gave him a warning. There's no question. Absolutely. Then our motion to dismiss, you couldn't have a more specific warning. We file in December of 2012, we file a document saying, you didn't do this. We have asked your case be dismissed, and they still don't file it even after that. You just couldn't have . . . Your Honors, I think Judge Goodwin did everything he could to treat Mrs. Flores fairly in this case. If the court has any more questions, I'll try to answer them. If not, I'm going to sit down. Well, before you do, I want to look at this order that Judge fouled, and it was a request for reconsideration and reinstatement of the action. I don't know what reinstatement means. Maybe it meant fouling of the action, and in doing so, they then included this document that's more expanded than the PPF, and the judge denies it, saying, well, on a reconsideration basis, because it's not newly discovered evidence. I think that's hard not to disagree with that, I mean, to agree with that. We've got to agree with that. But the whole business of reinstatement goes back to, well, Judge, let us go back in action. We've now complied with this. I guess the only hesitancy I have is, if the judge said without prejudice, what did it mean? I mean, I don't get the dismissal without prejudice. I don't know what that means. In this order, if you cannot come back and put the form in, the only thing that he dismissed it for, if you can't present it and say, okay, Judge, we've complied. But if he said dismissal with prejudice, no, you can't come back and bring this up. I want to address, I think, a fundamental misconception here, in that they never tried to comply. Never. I mean, never. Did they say to Judge Goodwin, Judge, I mean, this had happened to me. I mean, after, well, let's get the dates right. Judge dismisses the action, and then the motion for reinstatement and reconsideration is brought how much longer afterwards? The dismissal is on May 20th, 2013. The motion to reconsider is on May 29th, 2013. So, nine days later, after the judge says dismissal without prejudice to do something, and then they do the one thing that dismissed it within nine days and ask for reconsideration, but also for reinstatement, I don't get it. I don't understand why he didn't reinstate it. I just want to point out that they never did do the one thing. They did not do that. They did more than that. They got this huge document that has all of the information from this thing in it. Well, and they filed that, you know, again, I have to speak, I mean, I have to go outside the jury. Well, that's a whole different question. I mean, assume they filed the proper, they gave the proper document. Just assume that part about it, and we can deal with whether or not it is in fact that. But the question I'm saying is, nine days after having dismissed without prejudice, they bring back in the very document, which you assume, and ask for reinstatement. And he says, no. So, what is the without prejudice? Why did they dismiss it with prejudice? Because I don't get that. I don't know what the without prejudice means. If you had taken a voluntary dismissal of it as a plaintiff before any action is taken, you get a year, don't you? To come back. I'm just not sure if that's right, if the defendants have already answered it. I mean, if there's a voluntary dismissal and the defendants, I could be wrong about that, but if the defendants have answered, don't the defendants then have a say in whether you can? Well, there's a procedural side of that as to whether or not you need to get consent of the other side, but Rule 41, typically you can take a voluntary dismissal and come back. If there was consent. I'm only concerned with that language, without prejudice. The judge said it, and he didn't have to see it, and I don't know what it means if nine days later, you come back in that court with everything, because it may be a big deal to have a form, but he gave them without prejudice. You come back in there with his document, and he says, no. But they still never did. They never did that. Well, that was the assumption I was making. I'm saying, if that expanded document encompassed everything in it, let's assume it did. I mean, we can always, I'm not giving it up. I read your point on it. Then I don't get it. Why didn't the judge reinstate it? Because they complied. Again, I think Judge Goodwin is attempting to do everything he can to give them a fair chance, and they're not doing that, and not asking him for extensions to do that. They're just saying they're not going to do it. All right. Thank you. All right. Thank you. Judge Winn, the language, Appendix 69, and it's Paragraph 15 of the original complaint. Not the subsequently filed complaint, because that sort of brings it even more clearly into picture. But anyway, the language of Paragraph 15 states, in pertinent part, Plaintiff, Mrs. Flores, suffered from SUI, stress urinary incontinence, and or POP, pelvic organ prolapse, on, period. On December 29, 2003, without any notice, indication, or explanation of the risk. What was the year? December what? On December 29, 2003. When the surgery happened. That's when the mesh was inserted, yes, sir. Okay. Yes, sir. Without any notice, indication, or explanation of the risks involved in being treated with a synthetic mesh product, a TVT device was placed into her pelvic cavity. And that's true, but that doesn't give you your failure to warn from the manufacturers yet. What I'm waiting for is a language that says, manufacturers told us about the risk, or they learned about it from being at CMEs, or whatever, and as a result of that, they knew that there was a danger, and they didn't tell her. Now, this is when this thing, I don't think you, if you try to hook this thing into 2003, I'm not sure 2003 is going to get you there. But if it comes somewhere after that, maybe, I don't know. Well, as to what the allegations in the complaint, okay, that's what we're focusing on, per your question. Okay. There is language, Your Honor, that aggressive marketing resulted in a large number of health care providers, such as doctors, Shearer Medical Group, Hospital, and Dignity, purchasing, distributing, and supplying patients, such as plaintiff Mrs. Flores, with these synthetic mesh devices. Where have you gone? Are you still in 15? I didn't see that. No, I'm back at paragraph 13, lines 22, through page 69, line 2. But you still haven't given us anything except that they aggressively marketed it to them, which that's not, there's nothing to warn, what do you warn the patient? We've been aggressively marketed this mesh, there's nothing. There's no risk that's attenuated to that. Well, the risks were certainly unknown to plaintiff, the appellant. Now, had we used, I used the words, going back to paragraph 15, without any warning. Which is a generic thing, what you need is specific, I understand in the California law, fact specific, and I know how these medical, even negligence, case of medical negligence, is really going somewhere else on this thing. And I know you've got to say a little bit more than failure to warn. What you've got to say here is something to indicate the doctors here knew, or should have known, that this was bad because of X, Y, Z, or the manufacturers had this information that was all out there, was being taught everywhere, and they knew it would have known. That's not there. What you've got is a garden variety failure to warn. That's not specific enough. On paragraph 19 of the first cause of action, we do state, and I don't know if this would suffice to address your concerns, Judge Winn, but it is stated, defendants were negligent in failing to use reasonable care. But those are designing. We're talking about... And supplying and selling. The health care providers? You're still talking about the manufacturers? No, I'm talking about all the defendants. This is against all the defendants. And she didn't walk in there with a mesh, Your Honor. They provided, the hospital provided it for her. And how did they negligently sell? Supply and sell it, because it was a dangerous product, and there was a failure to warn of its dangerousness. Now, and I think we sort of hit on the nail on the head here, is the standard here is no possibility under, I believe, the Hartley and the Mays case. And there's no glimmer of hope. Or there is a glimmer of hope. And that's all we're looking at under the Fourth Circuit rules as to whether or not the remand should have been granted in the first place, and whether or not there was a fraudulent joinder. There certainly is, just the discussion here today indicates that there was at least a minimal, a glimmer of hope here for a court to at least allow amendment. In California, it's called a demur, which is similar to a 12B6 motion. And there's no court that I can think of in California that would have granted a demur absent without leave to amend. I mean, that's reversible per se in California. You found yourself in the Fourth Circuit. I do, Your Honor. Not a fly either. Well, what we have here, Your Honor, is how am I to determine, and this goes to counsel's comments that as to the affirmative versus defensive acts, and we pointed out to the court that we felt that an affirmative act of complying with discovery, and the defendants themselves agreed. That's in Appendix 302. They said if plaintiff's appellants would have submitted the plaintiff profile form, it would be considered an affirmative act, waiving our right to consider remand back to the state court. They agreed with that. That's Appendix 302. It happens all the time in litigation. You know what you're doing. You know this as well as I do. You file it and you append a statement to it. This is filed without prejudice to the underlying action here or to the motion to remand. In other words, you reserve your rights on it. Isn't that what you do? You don't just go around disobeying a court's order because you think it's going to... If you do, the case law says if you take that strategy and you lose on it, you just lost. If you take that kind of strategy, but the way you would do it, the way I would think, I was in your shoes. I would have filed it and add my little statement up there and say, Your Honor, this is filed without prejudice to our action of motion to remand. Respectfully consider that it does not waive any rights. I search high and low, Your Honor, for some case. Check that out and see if that hasn't been done on a bunch of other cases. Because I've seen some cases where that's done. A lot of times you get things you file, you know you will waive a right, but you've got to comply with that order. And doing it, you comply, but you reserve the right knowing that, and that's just a procedural thing. And in a lot of those cases, Your Honor, the court just disregards it. It doesn't matter what I say, I'm reserving my right. Especially in federal court. Aren't you just conflating personal and subject matter jurisdiction anyway? I'm sorry, Your Honor? I think you're conflating personal jurisdiction and subject matter jurisdiction anyway. Yes. Yes, you are? Well, maybe I didn't understand the question. You said you are conflating the two, and you said yes. Okay, complaining... Consenting to the court's personal jurisdiction. Yes. And subject matter jurisdiction. Okay. I'm confusing the court with personal versus subject matter jurisdiction? I think you're... I was asking, didn't your response do something? Appearing in... You were concerned that appearing was some sort of consent to... Jurisdiction of the federal court. I already had jurisdiction, is what she's saying. So you can't... You're not prejudicing something they already have. You can't create subject matter jurisdiction. Your actions... I agree with that, but the court had not acquired or consented to subject matter jurisdiction. We waited 12 months, almost, to have a ruling on the remand motion. Well, I think there's law that once something is remanded, the jurisdictional aspect of it is pretty clear. And whether it goes back to state court is a whole different ballgame. There's nothing in state court at that point. It puts it in federal court procedural jurisdiction. As to subject matter jurisdiction, California law would apply. I think the court would agree with that. I didn't understand it. I'm not sure that's subject matter jurisdiction. What you're talking about is the law that applies. Substantive law. That's different. Okay. I don't want to confuse the court any more than possibly I already have. But... We have enough help on that. Your Honor, I think the crucial issue here is on the remand, there's clearly evidence, facts before the court, argument, contentions before the court that there was a possibility pursuant to our discussion here of amending the complaint to state a cause of action. Whether we use the words that the appellant was not given notice or not given warning is immaterial. There's a possibility of a cause of action being stated here. Mr. Graham, you're again well over your time. If you could please sum up. Yeah. Well, in sum, Your Honors, basically the sanction issue and as Judge Wynn pointed out is grossly unfair to the catastrophic, especially given the catastrophic injuries that appellant has sustained as a result of the product inserted into her pelvic cavity. I would respectfully say that the penalty issued here be it with or without prejudice, whether or not this court directs the matter to be reinstated in the Southern District of West Virginia or allows remand back to the State Court of California. One of those remedies should be granted to plaintiffs to allow her and her husband to have their day in court and address the substance of the claims being presented here rather than being dismissed under some sort of procedural misnomer. Thank you very much. Thank you for your time. We'll come down to Greek Council and take a brief recess.
judges: Allyson K. Duncan, Barbara Milano Keenan, James A. Wynn, Jr.